## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JENNIFER TUCKER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Docket No. 06-27-B-W |
| ) | |
| JO ANNE B. BARNHART, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal contends that the residual functional capacity assigned to the plaintiff by the administrative law judge lacks factual support in the record and that the administrative law judge's opinion violated Social Security Ruling 96-6p.  I recommend that the decision of the commissioner be vacated.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from an anxiety disorder, an impairment that was severe but did not meet or equal the criteria of any impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 20;  that the plaintiff's allegations concerning her limitations were not totally credible, Finding 5, *id.*;  that she had no

---

[1] This action is properly brought under 42 § 1383(c)(3).  The commissioner has admitted that the plaintiff has exhausted her administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on December 1, (*continued on next page*)

exertional limitations and had the residual functional capacity to perform light work,[2] Finding 7, *id*.; that she could understand, remember and carry out simple instructions, occasionally detailed but not complex, was able to have occasional public contact and coordinated interaction with co-workers and had occasional mild anxiety but would be attentive and responsive enough to be able to carry out normal work assignments satisfactorily, *id*.; that her past relevant work as a housecleaner did not require the performance of work-related activities precluded by her residual functional capacity or her anxiety disorder, Findings 8-9, *id*.; and that she was accordingly not under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Finding 11, *id*. The Appeals Council declined to review the decision, *id*. at 6-8, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs*., 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work. 20 C.F.R. § 416.920(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step the

---

2006, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

[2] A residual functional capacity for light work is inconsistent with a finding of no exertional limitations; light work is defined as involving lifting no more than 20 pounds frequently with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 416.967(b). These are exertional limitations. The plaintiff does not mention this inconsistency in her statement of errors and the (*continued on next page*)

commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 416.920(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service Rulings 1975-1982* ("SSR 82-62"), at 813.

## Discussion

The plaintiff contends that the administrative law judge neither acknowledged nor discussed mental limitations found by both reviewing and examining psychologists for the state disability agency. Statement of Specific Errors ("Statement of Errors") (Docket No. 6) at 2. "Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." Social Security Ruling 96-6p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2006), at 130. "Although the administrative law judge and the Appeals Council are responsible for assessing an individual's RFC at their respective levels of administrative review, the administrative law judge or Appeals Council must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant . . . ." *Id*. at 132.

In this case the administrative law judge summarized the findings of the plaintiff's primary care physician, three psychologists and a nurse-practitioner counselor with respect to her psychological symptoms and treatment but did not identify those on which he relied in reaching his assessment of the plaintiff's mental residual functional capacity nor those which he rejected and why. He does not mention the psychiatric review technique forms completed by state-agency reviewers Richard B.

---

outcome of her appeal is not affected by it.

Weiss, M.D., Record at 138-69;[3] Peter G. Allen, Ph.D., *id*. at 186-204; and David R. Houston, Ph.D., *id*. at 205-22. The forms are dated June 15, 2001, *id*. at 156; June 24, 2003, *id*. at 186; and October 2, 2003, *id*. at 205. It thus appears that Dr. Houston had the benefit of all of the examining and treating professionals' records to which the administrative law judge refers, *id*. at 16-17, that Dr. Allen had access to some of the records of Dr. Kathleen Thibault and the report of Dr. David Azelman, *id*. at 16, and that Dr. Weiss most likely had access to none of these records.

Dr. Houston found that the plaintiff suffered from mild restriction of the activities of daily living and moderate difficulties in maintaining social functioning and concentration, persistence or pace. *Id*. at 215. Specifically, he found the following to be moderately limited: the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, the ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace, the ability to interact appropriately with the general public, the ability to accept instructions and respond appropriately to criticism from supervisors, and the ability to respond appropriately to changes in the work setting. *Id*. at 219-20. The residual functional capacity assigned by the administrative law judge does not reflect Dr. Houston's findings with respect to attention and concentration, ability to work at a consistent pace, ability to accept instruction and criticism and ability to adapt to change. Dr. Allen's general findings were the same as those of Dr. Houston, *id*. at 186, and he specifically found the following to be moderately limited: the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, the ability to accept instructions and respond appropriately to criticism from supervisors and the ability to respond appropriately to changes in the

---

[3] Dr. Weiss's first PRTF deals with the period before June 30, 1999, Record at 138, which I understand is no longer at issue in this (*continued on next page*)

work setting. *Id*. at 201-02. Significantly, Dr. Allen found the plaintiff's ability to interact appropriately with the general public to be markedly limited. *Id*. at 202. The administrative law judge does not mention this finding.

An administrative law judge's failure to articulate which findings of various treating, examining and reviewing professionals he accepts or rejects, and why, does not constitute reversible error when the court nonetheless readily can discern substantial support for the administrative law judge's findings in the record. *See, e.g., Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) ("We have often held that [a]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably ha[s] no practical effect on the outcome of the case.") (citations and internal quotation marks omitted). Here, however, it is not possible to discern that substantial support because the administrative law judge fails even to hint at the basis for his finding with respect to mental residual functional capacity. While it remains the province of the commissioner to evaluate conflicting evidence, the commissioner's own rulings make clear that she may not ignore such evidence. *See generally Seymour v. Barnhart*, 2003 WL 22466174 (D. Me. Oct. 31, 2003), at *4. From all that appears in the record, that is what happened in this case. The administrative law judge appears to have relied on his own assessment of the raw medical record to derive the plaintiff's mental residual functional capacity, an approach that constitutes reversible error. *See, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990).

None of the reports of the examining and treating professionals to which the administrative judge refers supports his finding with respect to mental residual functional capacity in all respects and none is noticeably inconsistent with the findings of Drs. Allen and Houston. None of these

---

case.

5

professionals completed a PRTF or set out a mental residual functional capacity for the plaintiff. The two treating professionals whose records were cited by the administrative law judge, Thomas M. Earley, Ph.D. and Melinda Morissette, PMH-NP, CS, both stated that the plaintiff was not able to return to work, Dr. Earley in a letter dated July 14, 2004, Record at 411, and Morissette in a record entry dated July 15, 2004, *id*. at 441. The hearing in this case was held on September 21, 2004. *Id.* at 460. The administrative law judge does not mention either of these conclusions.

The oversights listed above make it necessary to remand this case for further proceedings. *See Guyton v. Apfel*, 20 F.Supp.2d 156, 164-65 (D. Mass. 1998) (where administrative law judge failed to provide rationale by which conclusion about mental residual functional capacity was reached and took no account of findings made by state-agency reviewer and state-agency evaluation, remand was necessary). Social Security Ruling 96-6p also requires more analysis than the administrative law judge undertook in this case.

At oral argument, counsel for the commissioner asserted that remand would be an empty exercise in this case because there is evidence in the record to support the administrative law judge's conclusions regarding mental limitations and therefore the result after the remand would be the same. I am not able to conclude that such would necessarily be the case and, in any event, the commissioner should be required to act in accordance with her agency's regulations and rulings as a general principle, for any number of reasons.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of December, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge